UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD LUNA,

    Plaintiff,

       v.                                 Civil Action No. 09-02331 (JEB)

RONALD RAMBO,

    Defendant.

## ORDER

Plaintiff Richard Luna hired SCS and Defendant Ronald Rambo to perform construction work on his house. A dispute as to the terms of the contract, the quality of the work performed, and the licensing status of the contractors arose, leading to this lawsuit. Defendant failed to respond to the complaint within the required amount of time, and default was therefore entered by the Clerk in January 2010. Defendant has now filed the instant Motion to Set Aside Entry of Default and to Dismiss on the grounds that service was not properly effectuated and that litigation is precluded by a prior settlement agreement between the parties.

The Court has reviewed Defendant's Motion, Plaintiff's Opposition thereto, and Defendant's Reply.

    **I.**      **Factual and Procedural Background**

The Complaint sets out that Plaintiff hired a company called SCS in December 2006 to perform extensive renovations on his home. Work began on January 19, 2007, but a dispute arose soon thereafter, and the project was halted on March 16, 2007. During that time, Plaintiff claims to have made payments to Defendant, who was the project manager and supervised the work performed in the home, and Defendant's associates in the amount of $108,500. In

addition, Plaintiff also seeks compensation for the $203,162.79 he has allegedly spent to return his home to a habitable condition after the contract was breached.

Plaintiff filed the Complaint in this Court against Defendant on December 8, 2009. He notified the Court that Defendant had been served on December 21, 2009, and he filed for an entry of default when Defendant failed to respond. The Clerk entered default as to Defendant on January 13, 2010. On November 17, 2010, Judge Kennedy, to whom this case was previously assigned, issued an Order to Show Cause as to why the Complaint should not be dismissed without prejudice for failure to prosecute. Plaintiff then filed a Motion for Default Judgment on December 3, 2010, which precipitated Defendant's instant Motion.

In his Opposition, Defendant alludes to further history not set out in Plaintiff's complaint. According to Defendant, Plaintiff brought suit in the Superior Court of the District of Columbia against SCS Contracting Group, LP; SCS Contracting Group; Christopher Petito, a representative of SCS; and Stephen C. Sieber, the President and CEO of SCS, on April 11, 2007. Meanwhile, in November 2007, Sieber filed for protection under Chapter 11 of the Bankruptcy Code in Maryland. Defendant further states that the Superior Court litigation was ultimately resolved in October 2009, when the parties entered into a settlement agreement.

**II.     Legal Standard**

Under the Federal Rules of Civil Procedure, "the court may set aside an entry of default for good cause." Fed. R. Civil. P. 55(c).

Rule 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be liberally construed in plaintiff's favor. Leatherman v. Tarrant Cty. Narcotics & Coordination

2

Unit, 507 U.S. 163, 164 (1993). The notice pleading rules are "not meant to impose a great burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and he or she must thus be given every favorable inference that may be drawn from the allegations of fact. Twombly, 550 U.S. at 584. Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Twombly, 550 U.S. at 555, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ((internal quotation omitted). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 555 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.

Rule 12(d) reads: "If on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

**III.   Analysis**

    A.  Motion to Set Aside Default

In deciding whether "good cause" has been shown to merit setting aside an entry of default, courts must consider "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." Keegel v. Key West & Caribbean Trading Co., Inc., 627 F.2d 372, 373 (D.C. Cir. 1980).

The first factor to consider is whether the default was willful. Defendant claims that his default was not willful in this case because he was not properly served and thus was not on notice of the instant litigation. Both parties spend considerable time discussing the particulars of 313 and 315 J.W. Williams Road and why service was or was not effected. The Court's best determination is that, while service ultimately may have been effected, Defendant certainly presents valid arguments in favor of his position. Being mindful that "strong policies favor resolution of disputes on their merits" rather than by default, Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980), the Court cannot find that Defendant willfully defaulted by failing to answer a complaint that arguably was not properly served on him.

Plaintiff's arguments as to prejudice are weak, especially given that his Motion for Default Judgment was filed almost a year after the clerk's entry of default and only after Judge Kennedy issued an Order to Show Cause. The prejudice to which he alludes, based on the length of time that has passed since the filing of his complaint, is thus as much attributable to his own failure to prosecute as it is to Defendant's failure to respond. This factor thus also counsels setting aside the default.

Finally, the Court must decide whether Defendant has put forth any defense meritorious enough to justify a trial on the merits rather than a decision by default judgment. In this analysis, "[l]ikelihood of success is not the measure. [Instead,] Defendants' allegations are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense." Keegel, 627 F.2d at 374 (internal quotations and citations omitted). Defendant has articulated potentially meritorious defenses, such as the applicability of the prior settlement in this case, which could certainly constitute a bar to any recovery for Plaintiff if proven at trial.

4

As all three factors thus favor Defendant, the Court is convinced that good cause has been shown and the default should be set aside.

B. Motion to Dismiss

Defendant seeks more than the vacating of default; he also asks the Court to dismiss the complaint. In so moving, he relies on the alleged applicability of the prior settlement agreement signed by Plaintiff and Defendant's employer, SCS. This agreement, however, did not figure in Plaintiff's Complaint. In fact, no mention of the earlier Superior Court suit was made in the Complaint. Under the Federal Rules of Civil Procedure, when a Court is presented with materials outside the pleadings in a Rule 12(b)(6) motion, it may either exclude this extrinsic evidence or convert the motion to one for Summary Judgment under Rule 56. Fed. R. Civ. P. 12(d); see, e.g., Benoit v. U.S. Dept. of Agriculture, 577 F.Supp.2d 12, 22-23 (D.D.C. 2008). In this case, the Court cannot entertain Defendant's arguments regarding the settlement agreement because Plaintiff has not been "given a reasonable opportunity to present all the material that is pertinent to the motion." Rule 12(d). The Court is thus unwilling to convert this Motion into one for summary judgment.

The Court, therefore, ORDERS that:

1. The Motion to Set Aside Default is GRANTED;

2. The Motion to Dismiss is DENIED; and

3. Defendant shall answer by May 5, 2011.

**SO ORDERED**.

                                              /s/ *James E. Boasberg*
                                              JAMES E. BOASBERG
                                              United States District Judge

Date: April 14, 2011